IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MARCELLUS P. WHITE § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-792-P |
| § | |
| ROYAL AMERICAN MANAGEMENT, § | |
| ET AL. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DEFENDANTS' MOTIONS TO DISMISS**

Pending before the Court are the following two motions: (1) Defendant Royal American Management's Motion to Dismiss for Plaintiff's Failure to State a Claim [doc. 32], filed April 1, 2024, and (2) Defendant Rayan Edmunds' Motion to Dismiss [doc. 33], also filed April 1, 2024. Having carefully considered the motions and applicable law, the Court recommends that Defendant Royal American Management's motion should be **PARTIALLY DENIED and PARTIALLY GRANTED** and Defendant Rayan Edmund's motion should be **GRANTED**.[1] The Court further recommends that all claims against Defendant Sue Johnson also be dismissed.[2]

### I.    FACTUAL BACKGROUND

On July 31, 2023, *pro-se* Plaintiff Marcellus P. White, who formerly worked as an assistant manager at Unique Garden Apartments from October 3, 2022 to March 17, 2023,[3] filed a Complaint against Defendant Royal American Management ("Royal American"). Subsequently, Plaintiff filed an Amended Complaint [doc. 9], which added claims against Defendants Rayan Edmunds ("Edmunds"),

---

[1] The Court notes that Plaintiff did not file a response to either motion to dismiss.

[2] While a summons was re-issued as to Johnson on February 20, 2024 [doc. 22], there is no indication in the docket that she has been properly served by the U.S. Marshal as of the date of this order.

[3] Plaintiff's Second Amended Complaint ("Pl.'s Sec. Am. Compl.") at 1.

1

an employee in the Human Resource Department for Royal American, and Sue Johnson ("Johnson"), the property manager at Unique Gardens Apartments. Thereafter, on March 18, 2024, Plaintiff filed a Second Amended Complaint [doc. 29] in which she alleges claims for racial discrimination, harassment and hostile work environment, retaliation, and negligence against Royal American, Edmunds, and Johnson. (Pl.'s Sec. Am. Compl. at 1-4.)[4]

In its motion to dismiss, Royal American argues that all claims against it should be dismissed pursuant to Federal Rule of Civil Procedure ("Rule) 12(b)(6) as Plaintiff has failed to state a claim upon which relief can be granted. (Royal American's Motion to Dismiss ("Royal Am.'s Mot. to Dismiss") at 3-15.) In her motion to dismiss, Edmunds makes, in essence, the same arguments as Royal American. (Edmunds' Motion to Dismiss ("Edmunds' Mot. to Dismiss") at 2-6.) In addition, Edmunds claims that she may not be sued in her individual capacity as "Title VII does not authorize individual liability for the actions or inactions of supervisors and coworkers." (Edmunds' Mot. to Dismiss at 5.)

## II.   LEGAL STANDARD AND ANALYSIS

Rule 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." This rule must be interpreted in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Rule 8(a) calls for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002) (holding that Rule 8(a)'s simplified pleading standard applies to most civil actions). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally

---

[4] While a practice not condoned by the Court, it appears Plaintiff is referencing exhibits and other documents that she attached to her Original and First Amended Complaint but did not attach to her Second Amended Complaint. Nevertheless, to avoid unnecessary delay, the Court will consider the record as a whole herein.

construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir. 1982).

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted).

### A. Racial Discrimination Claim

As to her racial discrimination claim, Plaintiff, in her Second Amended Complaint, alleges, in essence, that she was forced to quit because she was discriminated against on numerous occasions based on her race and skin color. (Pl.'s Sec. Am. Compl. at 1.) Plaintiff claims that she, as the only African American woman employee in the office, was micromanaged, never received proper job training, and never received overtime pay, like her white colleague, Amanda. (*Id.*) Plaintiff further alleges that "the property manager Sue made racial white and black demeaning and ill intended jokes targeting the Plaintiff who is an African American woman." (*Id.*)

Title VII prohibits an employer from discriminating against any individual because of such individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). "Title VII prohibits both intentional discrimination (known as 'disparate treatment') as well as, in some cases, practices that are not intended to discriminate but in fact have a disproportionately adverse effect on minorities (known as 'disparate impact')." *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009). To maintain a claim of disparate treatment discrimination, a plaintiff must either offer direct evidence of discrimination or utilize the indirect method of proof set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See Taylor v. Principal Fin. Group, Inc.*, 93 F.3d 155, 162 (5th Cir. 1996), *cert. denied*, 519 U.S. 1029 (1996); *Daigle v. Liberty Life Ins. Co.*, 70 F.3d 394, 396 (5th Cir. 1995). "Direct evidence of discrimination is evidence which, if believed, would prove the existence of a fact (i.e., unlawful discrimination) without any inferences or presumptions." *Bodenheimer v. PPG Indus. Inc.*, 5 F.3d 955, 958 (5th Cir. 1993). "For a statement to suffice as direct evidence of discrimination, the statement must directly suggest the existence of bias and must not be subject to interpretation as anything other than a reflection of bias." *Somers v. Univ. of Tex. MD Anderson Cancer Ctr.* No. H-19-0390, 2019 WL 5300215, at *2 (S.D. Tex. Sept. 24, 2019). Under the indirect method of proof, set forth in *McDonnell Douglas*, a plaintiff must first establish a *prima-facie* case of discrimination with allegations that the plaintiff: (1) is a member of a protected class; (2) was qualified for her position; (3) suffered an adverse employment action; and (4) was treated less favorably than those outside the protected class. *See Okoye v. Univ. of Texas Houston Health Science Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001); *Rutherford v. Harris County*, 197 F.3d 173, 184 (5th Cir. 1999).

However, at the pleading stage, "a plaintiff need not make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). Instead, in determining whether a plaintiff has alleged a plausible

4

discrimination claim under Title VII, it must be determined whether the plaintiff has alleged "sufficient facts on all of the elements of a disparate treatment claim to make his claim plausible." *Chhim v. Univ. Tex. at Austin*, 836 F. 3d 467, 470 (5th Cir. 2016). This means that, at the very least, the plaintiff must allege, for purposes of a Title VII disparate treatment claim, that he has suffered an adverse employment action "because of" his or her membership in a protected class. *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019); *see Keplar v. Google, LLC*, No. 3:22-CV-2281-B, 2023 WL 7360891, at * (N.D. Tex. Nov. 7, 2023) ("While a court cannot require plaintiffs prove their prima facie case at the motion to dismiss state, courts *can* reference the prima facie case to help determine whether a plaintiff has plausibly alleged the ultimate elements of the disparate treatment claim when a plaintiff's claim relies on circumstantial evidence") (internal quotation marks omitted).

In this case, White's allegations indicate indirect evidence of discrimination; consequently, proving her claims will ultimately depend on the *McDonnell Douglass* burden-shifting framework. At the motion to dismiss stage, however, the Court must, as set forth above, determine whether White has plausibly alleged the ultimate elements of her disparate treatment claim. As to element one of the *McDonnell Douglas* framework, White, in her Second Amended Complaint, alleges that she is African-American and black, and, thus, a member of a protected group. (Pl.'s Sec. Am. Compl. at 1-2.) As to element two, Plaintiff claims to have been working for Royal American as an assistant manager. (Pl.'s Sec. Am. Compl. at 1.) Consequently, the Court construes this statement as an allegation that Plaintiff was qualified for her position. *See Hardmon v. U.L. Coleman*, No. 17-1118, 2020 WL 1536452, at *4 (W.D. La. Mar. 31, 2020) (construing Plaintiff's claim that she worked for Defendant in a maintenance-related capacity as an allegation that Plaintiff was qualified for his position). As to the third element, Plaintiff claims that she was forced to quit because she discriminated against on numerous occasions.

5

(Pl.'s Sec. Am. Compl. at 1.)[5]  "While an employee's resignation typically does not constitute an adverse employment decision," a constructive discharge, which occurs "when an employer makes working conditions so intolerable that an employee feels compelled to resign," does constitute an adverse employment decision.  *Carter v. Calif. Grill, LLC*, 538 F. Supp. 3d 714, 721 (W.D. Tex. May 11, 2021); *see Johnson v. Walgreens Co.*, No. 3:21-cv-02648-L-BT, 2023 WL 2314991, at *4 (N.D. Tex. Feb. 6, 2023) ("An employee's resignation can be an adverse employment decision if it constitutes a constructive discharge.").  As to element four, White alleges that she was treated differently than Angela, her white colleague, in that White was micromanaged, while Angela was not, and White did not receive job training and paid overtime, while Angela did.  Based on the foregoing and viewing the pleadings in the light most favorable to Plaintiff, the Court finds and concludes that Plaintiff has sufficiently plead her racial discrimination claim against Royal American.  Consequently, Royal American's motions to dismiss on this issue should be **DENIED**.

As to the individual Defendants, it is unclear in what capacity Plaintiff is suing Edmund and Johnson.  Thus, the Court, construing *pro se* Plaintiff's Second Amended Complaint liberally, will assume that Plaintiff is suing Edmunds and Johnson in both their individual and official capacities.  However, "[a]ccording to the Fifth Circuit, only employers, not individuals acting in their individual capacity who do not otherwise meet the definition of employers, can be liable under Title VII."  *Carbajal v. El Paso Indep. Sch. Dist.*, No., 2010 WL 11602721, at *2 (W.D. Tex. Jan. 7, 2010) (internal quotation marks and citations omitted); *see Hillard v. Parish*, 991 F. Supp. 2d 769, 774 (E.D. La. 2014) ("The law is clear in the Fifth Circuit that there is no individual liability under Title VII"); *McCoy v. Claiborne*

---

[5] Under the Fifth Circuit's recent decision in *Hamilton v. Dallas County*, 79 F.4th 494 (2003), Plaintiff's allegation that she was denied overtime and training, while another assistant manager, who is white, was paid overtime and provided with training, might also constitute an adverse employment decision.  *See Hamilton v. Dallas Cnty.*, 79 F.4th at 497 (holding that a "plaintiff plausibly alleges a disparate-treatment claim under Title VII if she pleads discrimination in hiring, firing, compensation, or the terms, conditions, or privileges of her employment . . . [and] need not also show an ultimate employment decision) (internal quotation marks omitted).

6

*Parish Det. Ctr.*, No. 07-2147, 2011 WL 1898910, at *4 (W.D. La. May 18, 2011) (noting that there is no individual liability under Title VII). As Plaintiff has made no allegations that the individual Defendants were her employer, the Court finds and concludes, that Plaintiff's claim for racial discrimination against Edmunds and Johnson in their individual capacities should be dismissed.

Moreover, the claims against Edmunds and Johnson in their official capacities should also be dismissed as Plaintiff cannot sue both the employer, Royal American, and the individual Defendants in their official capacities. *See Carbajal*, 2010 WL 11602721, at *2; *see Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003) ("Individuals are not liable under Title VII in either their individual or official capacities."); *Wallace v. B.B. Rayburn Corr. Ctr.*, No. No. 23-2991, 2024 WL 343152, at *3 (E.D. La. Jan. 30, 2024) ("The Fifth Circuit has repeatedly held that there is no individual liability for employees under Title VII and that individual defendants cannot be held liable in their individual or official capacities.") Thus, the Court recommends that Defendant Edmunds' motion to dismiss on Plaintiff's claim for racial discrimination (as well as all other claims under Title VII) should be **GRANTED**. Moreover, while Johnson does not appear to have been properly served yet in this case, assuming that she is, all claims against her should also be dismissed for the same reasons stated above.

B.  **Harassment and Hostile Work Environment Claim**

White also alleges that she was forced to quit because she was subjected to harassment and a hostile work environment based on her race, color, and sexual orientation. In support of this claim, White alleges that Johnson harassed White by calling her a bitch "repeatedly" and by "constantly talking about and discussing [Johnson's] personal and private sexual encounters." (Pl.'s Sec. Am. Compl. at 2.) In addition, White alleges that Johnson made "racial white and black demeaning and ill intended jokes" and that White was called "demeaning racial names" (Pl.'s Sec. Am. Compl. at 1, 3.) White claims that

she reported the harassment to "Human Resource, yet no disciplinary action was taken." (Pl.'s Sec. Am. Compl. at 1.)

As relevant in this case, to prevail on a Title VII hostile work environment claim, a plaintiff must prove that: (1) she is member of a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on a protected interest; (4) the harassment affected a term, condition, or privilege of her employment; and (5) her employer knew or should have known of the harassment and failed to take prompt remedial action. *See Evans-Rhodes v. Nw. Diagnostic Clinic, P.A.*, No. 4:13-cv-016226, 2013 WL 5603003, at *4 (S.D. Tex. Oct. 11, 2013); *Rafiq v. SMI Global Mission Support, Inc.*, No. 2:06CV1332, 2007 WL 433163, at *6 (W.D. La. Feb. 2, 2007). "For harassment . . . to affect a term, condition, or privilege of employment . . . it must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (internal quotation marks and citations omitted) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). "In determining whether a workplace constitutes a hostile work environment, the court must consider the following factors: the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offense utterance; and whether it unreasonably interferes with an employee's work performance." *Rafiq*, 2007 WL 433163, at *6 (internal quotation marks and citations omitted). "Title VIII . . . is not a generally civility code, and simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *France v. Lockheed Martin Corp.*, No. 4:18-CV-317-Y, 2018 WL 10561526, at *4 (N.D. Tex. Oct. 10, 2018) (internal quotation marks and citations omitted). "Failure to allege facts in the complaint that demonstrate a severe or pervasive work environment strong enough to alter the conditions of the

plaintiff's employment is fatal to a plaintiff's claim." *Oliver v. Military Dep't*, No. 22-356-SDD-RLB, 2023 WL 2700709, at *6 (M.D. La. Mar. 29, 2023)

In this case, as to Plaintiff's claim for sexual harassment based on sexual orientation, Plaintiff has failed to allege any facts to support a finding that any harassment she experienced was based on her sexual orientation. Moreover, as to Plaintiff's claim for sexual harassment based on race, Plaintiff's only allegations supporting a finding that any harassment she experienced was based on her race, is that she was subject to racial and demeaning jokes and called demeaning racial names. These allegations, however, are general and conclusory, and "are not factual allegations . . . [that can] plausibly support a finding of racially motivated harassment." *See Marlbrough*, 2024 WL 1116177, at * 6. Moreover, even accepting all of White's allegations as true, the Court is unable to characterize this alleged conduct as so severe or pervasive as to alter the conditions of Plaintiff's employment. Consequently, the Court finds and concludes that Plaintiff has failed to state a claim for harassment and hostile work environment. Thus, Defendants' motions to dismiss on this claim should be **GRANTED**.

C.    **Retaliation Claim**

In her Second Amended Complaint, White alleges the following as to her retaliation claim:

> Retaliation in the workplace refers to when an employer or workplace official acts negatively against an employee who files a formal complaint of harassment or discrimination. Title VII prohibits an employer from retaliating against an employee. In March 2023 due to the constant harassment and discrimination the Plaintiff was subjected to at her workplace, she was diagnosed with anxiety and depression and was prescribed Escitalopram Oxtate) (**Find attached copy of the medical note**). The Defendants retaliated against the Plaintiff by not making adequate adjustment at the workplace or schedule to aid her healing process.
>
> The Plaintiff was unable to work because of injuries sustained and denied unemployment.

(Pl.'s Sec. Am. Compl. at 2 (mistakes in original).)

To state a claim for retaliation under Title VII, a Plaintiff must allege facts that demonstrate that: (1) she participated in an activity protected by Title VII; (2) her employer took an adverse employment

against her; and (3) a causal connection exits between the protected activity and the adverse employment action. *Oliver*, 2023 WL 2700709, at *8. "An employee has engaged in activity protected by Title VII if she has either (1) opposed any practice made an unlawful employment practice by Title VII or (2) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII." *Dixon v. Moore Wallace, Inc.*, 236 F. App'x 936, 937 (5th Cir. 2007) (internal quotation marks and citations omitted); *see* 42 U.S.C. § 2000e-3(a).

Based on the allegations in Plaintiff's complaint, it appears that she is alleging that she was retaliated against for going to the doctor. However, "protected activity under Title VII must relate to discriminatory practices based on race, color, religion, sex, or national origin." *Allen v. Envirogreen Landscape Prof'ls., Inc.*, 721 F. App'x 322, 327 (5th Cir. 2017); *see Tratree v. BP N. Am. Pipelines, Inc.*, 277 F. App'x 390, 395 (5th Cir. 2008) ("Complaining about unfair treatment without specifying why the treatment is unfair . . . is not protected activity."). Consequently, White has failed to allege that she engaged in activity protected by Title VII. Thus, the Court finds and concludes that White has failed to state a claim for retaliation and Defendants' motions on this claim should be **GRANTED**.

**D.   Negligence Claim**

White also alleges a claim for negligence in her Second Amended Complaint. (Pl.'s Sec. Am. Compl. at 2-3.) In support White states:

> On 2/23/2023 at the end of the workday Plaintiff received an email from management (Sue Johnson) informing that a Notice to Resident had to be delivered on 2/23/2023. The Plaintiff walked out of the office to give Ludick the Notice to be delivered (he was in the maintenance office/garage) when she fell through a drain of some sort (**Find attached picture of the drainage**) Plaintiff called out to Ludick and informed him that she had fallen where he had to assist her with getting up from the ground. Plaintiff injured her left breast, right foot, ankle, leg and hip. The nature of the injuries included sprain, scrapes and bruises.
>
> Plaintiff reported the incident to Rayan Edmunds on 02/24/2024 where she laughed and stated that she wishes she could have seen the Plaintiff's big ass fall. This

10

was so hurtful and hatefully said to the Plaintiff. Plaintiff proceeded to the manager's office (Sue Johnson) where she informed her of the incident where she chuckled and said "let's not do that again".

Pl.'s Sec. Am. Compl. at 2 (mistakes in original).

"Under Texas law, a negligence claims consists of four essential elements: (1) a legal duty owed to the plaintiff by the defendant; (2) a breach of that duty; (3) an actual injury to the plaintiff; and (4) a showing that the breach was the proximate cause of the injury." *Armont v. Harrell*, No. 1:21-CV-365, 2024 WL 457780, at *4 (E.D. Tex. Feb. 5, 2024). "To establish a breach of duty, a plaintiff must show that a defendant either did something an ordinarily prudent person exercising ordinary care would not have done under the circumstances, or that the defendant failed to do that which an ordinarily prudent person would have done in the exercise of ordinary care." *Boudreaux v. Swift Trans. Co., Inc.*, 402 F.3d 536, 541 (5th Cir. 2005).

In this case, Plaintiff, in her Second Amended Complaint, wholly fails to allege what duty Defendants owed her and how they breached such duty. Consequently, the Court finds and concludes that Plaintiff has failed to state a claim for negligence against Defendants, and, consequently, Defendants' motions to dismiss on this claim should be **GRANTED**.[6]

### E. Pro Se Parties and Right to Amend

On a motion to dismiss for failure to state a claim, a "plaintiff's failure to meet the specific pleading requirements should not automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted).

---

[6] As to Edmunds and Johnson, the Court also notes that "when an employee is acting within the course and scope of his employment, individual liability for negligence arises only when the employee owes a duty of reasonable care to the injured party independent from the employer's duty." *Mendoza Serrano v. Wal-Mart Stores Tex., LLC*, No. DR-10-CV-61-AM-VRG, 2011 WL 13324268 (W.D. Tex. July 13, 2011). Thus, even assuming Plaintiff had pled a valid claim for negligence against Defendant Royal American, any claim for negligence against Edmund and Johnson would be dismissed as Plaintiff has not made any allegations that Edmund or Johnson owed a duty to Plaintiff independent of Defendant Royal American's duty. *See id*.

Further, a *pro se* litigant should generally be offered an opportunity to amend his or her complaint before it is dismissed. *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). "Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Brewster*, 587 F.3d at 768 (quoting *Bazrowx*, 136 F.3d at 1054). The Court can deny leave to amend where such an amendment would be futile. *See Clements v. Bank*, No. 6:20-CV-00821, 2021 WL 4483829, at *3 (W.D. La. Sept. 29, 2021) ("Since [Plaintiff] has previously been granted leave to amend his complaint to cure these defects, the Court concludes that any further attempt to an amendment would be futile.")

In the present case, Plaintiff has already been given the opportunity to file **two** Amended Complaints. (*See* docs. 8, 27.) Accordingly, the Court finds and concludes that the granting of any additional leave for Plaintiff to amend her claims would be futile.

## RECOMMENDATION

For the reasons set out above, the Court **RECOMMENDS** that (1) Royal American's Motion to Dismiss for Plaintiff's Failure to State a Claim [doc. 32] be **PARTIALLY GRANTED and PARTIALLY DENIED** and (2) Edmunds' Motion to Dismiss [doc. 33] be **GRANTED**. Moreover, the Court **RECOMMENDS** that all claims against Defendant Johnson should also be **DISMISSED** for the reasons stated herein.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination

of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **May 29, 2024,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed, and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusion, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May 15, 2024.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE