IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MARCELLUS P. WHITE | § |
| | § |
| V. | § CIVIL ACTION NO. 4:23-CV-792-P |
| | § |
| ROYAL AMERICAN MANAGEMENT, ET AL. | § § § |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pending before the Court is Defendant Royal American Management, Inc. ("Royal American")'s Motion for Summary Judgment ("Defendant's Motion") [doc. 58], filed July 25, 2025. Having carefully considered the motion, and noting that Plaintiff, who is proceeding *pro se*, wholly failed to file a response, the Court **FINDS**, **CONCLUDES**, and **RECOMMENDS** that Defendant's Motion be granted for the reasons stated in such motion and that all claims against it be **DISMISSED WITH PREJUDICE**.[1] The Court notes that Plaintiff has one remaining claim against Defendant Royal American for racial discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").[2] As to such claim, Plaintiff has, at the very

---

[1] Title VII makes it unlawful for an employer to discriminate against an employee on the basis of, *inter alia*, race. *See* 42 U.S.C. § 2000e-2(a). Because Plaintiff did not allege (or offer) direct evidence of discrimination, she must proceed under the familiar *McDonnell Douglas* burden-shifting framework set forth in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973). *See, e.g.*, *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 n.2 (5th Cir. 2002) ("This circuit applies the *McDonnell Douglas* rubric to . . . Title VII . . . claims."); *see also* Court's May 15, 2024 Findings, Conclusions, and Recommendation Regarding Defendants' Motions to Dismiss [doc. 34] at 5.) "As modified, the *McDonnell Douglas* framework consists of three stages." *Searcy v. TTEC Servs. Corp.*, No. 3:23-CV-2252-D, 2025 WL 1159999, at *4 (N.D. Tex. Apr. 21, 2025). "First, [Plaintiff] must establish a prima facie case of discrimination." *Id*. "Second, if [Plaintiff] establishes a prima facie case, the burden shifts to [Defendant] to articulate a legitimate, nondiscriminatory reason for the employment action taken against her." *Id*. at 5. "[Defendant's] burden is one of production, not proof, and involves no credibility assessments." *Id*. "Third, if [Defendant] meets its production burden, the presumption of discrimination created by [Plaintiff's] prima facie case disappears, . . . and the burden shifts back to [Plaintiff] to make an ultimate showing of intentional discrimination." *Id.* (internal quotation marks and citations omitted). "At the summary judgment stage, . . . [Plaintiff] is only obligated to raise a genuine issue of material fact regarding pretext." *Id.*

[2] All of Plaintiff's claims, except Plaintiff's claim for racial discrimination, were previously dismissed by the Court. (*See* Court's May 31, 2024 Order Accepting Findings, Conclusions, and Recommendation of the United States Magistrate Judge [doc. 38].)

least, failed to produce any evidence that creates a genuine issue of material fact that Defendant's reason for Plaintiff's termination or adverse employment action was a pretext for discrimination or that a motivating factor for such action was Plaintiff's race. *See Searcy*, 2025 WL 1159999, at *5-6.

Furthermore, the Court notes that Sue Johnson is also listed as an active Defendant in this case. However, there is no indication that she has been properly served by the U.S. Marshal as of the date of this order. (*See* Summons Returned Unexecuted as to Sue Johnson [doc. 36]). In addition, the undersigned, in its May 15, 2024, Findings, Conclusions, and Recommendation Regarding Defendants' Motions to Dismiss ("Court's May 15, 2024 FCR") [doc. 34], recommended that Plaintiff's racial discrimination claims against Johnson in her individual and official capacities be dismissed. (Court's May 15, 2024 FCR at 6-7.) The District Judge adopted such recommendation on May 31, 2024 [doc. 38]. Consequently, the Court also **FINDS, CONCLUDES,** and **RECOMMENDS** that all claims against Defendant Sue Johnson be **DISMISSED WITH PREJUDICE** pursuant to reasons set forth in the Court's May 15, 2024 FCR, which was adopted on May 31, 2024.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28

U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **September 29, 2025**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 15, 2025.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE