# Notice of Previously Filed Exhibits A-D

Your Name: Marcellus White

Your Address: 7232 Retriever Ln

City, State, ZIP: Fort Worth TX 76120

Phone Number: 817-569-0049

Email: mpatricewhite.mw@gmail.com

Date: 9/25/25

Court Name: Northern District of Texas

Court Address:

Case Name: Marcellus White vs. Royal American

Case Number: 4:23-cv-792-P

Dates Exhibits Filed: 2023

Dear Clerk:

I respectfully submit this notice regarding Exhibits A-D referenced in my recent filing. 9/25/25
These exhibits, consisting of documents and a flash drive recording, were previously
submitted to the Court on [insert dates], and are already part of the record. Marcelleo White

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION


MARCELLUS P. WHITE,
Plaintiff,


v.


ROYAL AMERICAN MANAGEMENT, et al.,
Defendants.


Civil Action No. 4:23-cv-792-P


PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S **FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Filed by:
Ms. Marcellus P. White
Pro Se Plaintiff
7232 Retriever Ln

Fort Worth, Texas 76120

Mpatricewhite.mw@gmail.com
Date: 09/25/2025

## Table of Contents

1. Plaintiff's Objections to the Magistrate Judge's Findings, Conclusions, and Recommendation
   - I. Introduction
   - II. List of Exhibits
   - III. Specific Objections
     - Objection No. 1 – Failure to Consider Evidence of Discrimination
     - Objection No. 2 – Improper Weight Given to Plaintiff's Lack of Response
     - Objection No. 3 – Dismissal of Claims Against Sue Johnson
   - IV. Conclusion

2. Exhibits
   - Exhibit A – Transcript of Recorded Conversation (Regional Manager & HR)
   - Exhibit B – Email from HR to Plaintiff
   - Exhibit C – Emails Showing Disparate Treatment
   - Exhibit D – Text Messages Showing Unequal Treatment

3. Declaration of Plaintiff Regarding Exhibits
4. Certificate of Service

## I. INTRODUCTION

Plaintiff Ms. Marcellus P. White respectfully submits these objections to the Magistrate Judge's Findings, Conclusions, and Recommendation ("FCR"), entered on September 15, 2025 [Doc. 61]. The FCR recommends granting Defendant Royal American Management, Inc.'s Motion for Summary Judgment and dismissing all claims with prejudice.

Plaintiff objects because the recommendation overlooks critical evidence that creates genuine issues of material fact on her Title VII racial discrimination claim. This case isn't about performance — it's about race, and the Defendant's own managers admitted it. Plaintiff further objects to the dismissal of claims against Sue Johnson.

## II. LIST OF EXHIBITS

Exhibit A – Transcript of Recorded Conversation (Regional Manager & HR)
Exhibit B – Email from HR to Plaintiff
Exhibit C – Emails Showing Disparate Treatment
Exhibit D – Text Messages Showing Unequal Treatment

## III. SPECIFIC OBJECTIONS

### Objection No. 1 – Failure to Consider Evidence of Discrimination

The FCR concludes that Plaintiff "failed to produce any evidence" of discrimination. This is incorrect. Plaintiff has submitted:
1. Direct Evidence (Exhibit A). Defendant's own Regional Manager told HR she believed the conflict between Plaintiff and Sue Johnson was based on race.
2. HR's Acknowledgment Without Action (Exhibit B). HR dismissed the matter as "handled properly" despite being aware of the race issue.
3. Disparate Treatment (Exhibits C & D). Emails and texts show non-Black employees were treated more favorably under nearly identical circumstances.

Together, these exhibits create genuine disputes of material fact as to whether Defendant's stated reasons for termination were pretextual. Under McDonnell Douglas v. Green, 411 U.S. 792 (1973), such disputes must be decided by a jury, not on summary judgment.

### Objection No. 2 – Improper Weight Given to Plaintiff's Lack of Response

The FCR emphasizes Plaintiff's failure to file a formal response to Defendant's Motion for Summary Judgment. While Plaintiff acknowledges this procedural omission, the Court still has a duty under Fed. R. Civ. P. 56(c) to determine whether Defendant carried its burden and whether the record shows genuine issues of material fact.

As a pro se litigant without counsel, Plaintiff did not understand the formal requirement to

file a written response. Nonetheless, Plaintiff submitted substantial evidence (Exhibits A–D) demonstrating triable fact issues. Summary judgment cannot be granted solely because a party fails to respond. See Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985).

Accordingly, dismissal on this basis is improper.

### Objection No. 3 – Dismissal of Claims Against Sue Johnson

The FCR recommends dismissing Plaintiff's claims against Sue Johnson with prejudice. Plaintiff objects because:

1. Service of Process. As a pro se litigant proceeding in forma pauperis, Plaintiff relied on the U.S. Marshal for service under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). The failure to complete service was not within Plaintiff's control.

2. Personal Involvement. The evidence identifies Sue Johnson as the individual whose racially motivated conduct prompted the Regional Manager's concerns (Exhibit A). Emails and texts (Exhibits C & D) also show her disparate treatment of Plaintiff.

3. Relief Requested. At minimum, dismissal should be without prejudice or Plaintiff should be granted additional time for service, so that claims are resolved on the merits rather than technical grounds.

For these reasons, dismissal with prejudice is improper.

## IV. CONCLUSION

Plaintiff has presented substantial evidence—including a recording of Defendant's own Regional Manager acknowledging race as a factor, emails and texts showing disparate treatment, and HR's failure to act despite awareness of racial concerns. This evidence creates genuine issues of material fact that must be decided by a jury.

This case isn't about performance — it's about race, and the Defendant's own managers admitted it.

Accordingly, Plaintiff respectfully requests that the District Judge:
1. Reject the Magistrate Judge's Findings, Conclusions, and Recommendation;
2. Deny Defendant Royal American Management, Inc.'s Motion for Summary Judgment; and
3. Allow Plaintiff's Title VII claim, and claims against Sue Johnson, to proceed to trial.

Respectfully submitted,

Date: 09/25/2025

*Mohito* (signature)

## EXHIBITS

Exhibit A – Transcript of Recorded Conversation (Regional Manager & HR)
[Insert transcript here]

Exhibit B – Email from HR to Plaintiff
[Insert email here]

Exhibit C – Emails Showing Disparate Treatment
[Insert emails here]

Exhibit D – Text Messages Showing Unequal Treatment
[Insert texts here]

## Declaration of Plaintiff Regarding Exhibits

I, Ms. Marcellus P. White, declare under penalty of perjury under the laws of the United States of America that:

1. I am the Plaintiff in this action.
2. I personally created, sent, received, or participated in the communications contained in the attached Exhibits A through D.
3. Exhibit A is a true and accurate transcript of a recorded conversation that I personally participated in on [date], between the Regional Manager and Human Resources, during which the Regional Manager stated that the conflict between myself and Sue Johnson was based on race.
4. Exhibit B is a true and accurate copy of an email I received from Jennifer on 2022/2023 in which HR stated the matter had been "handled properly."
5. Exhibit C is a true and accurate copy of emails exchanged between myself and my supervisors, reflecting disparate treatment compared to non-Black employees.
6. Exhibit D is a true and accurate copy of text message communications dated [2022-2023], reflecting unequal treatment and acknowledgment of workplace racial tensions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 09/25/2025

*M White*

Ms. Marcellus P. White
Pro Se Plaintiff

## Certificate of Service

I hereby certify that on 09/25/2025, I served a true and correct copy of the foregoing Plaintiff's Objections to the Magistrate Judge's Findings, Conclusions, and Recommendation, including all attached exhibits and declaration, on Defendant's counsel of record by [U.S. Mail / Email / ECF], addressed as follows:

Aaron Kidder
Glast Phillips Murray Zopolsky

Respectfully submitted,

Date:_09/25/2025

*M White*

Ms. Marcellus P. White
Pro Se Plaintiff