UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**MARCELLUS P. WHITE,**

   Plaintiff,

v.                                 No. 4:23-cv-0792-P

**ROYAL AMERICAN MANAGEMENT,
ET AL.,**

   Defendants.

# ORDER

The United States Magistrate Judge issued findings, conclusions, and a recommendation ("FCR") in this case on September 15, 2025. ECF No. 61. The FCR evaluated Defendant Royal American Management, Inc.'s ("Royal American") Motion for Summary Judgment ("Motion"). ECF No. 58. Plaintiff Marcellus P. White ("White") objected to the FCR on September 25, 2025. ECF No. 62. After conducting a de novo review, the Court concludes that the Motion is **GRANTED** and White's claims against Royal American are **DISMISSED WITH PREJUDICE**.

Furthermore, the Court notes that Sue Johnson is also listed as an active Defendant in this case. The Magistrate Judge, however, in his May 15, 2024 FCR Regarding Defendants' Motions to Dismiss, recommended that Plaintiff's racial discrimination claims against Johnson in her individual and official capacities be dismissed. ECF No. 34. The Court adopted such recommendation on May 31, 2024. ECF No. 38. Accordingly, the Court also **ORDERS** that all claims against Defendant Sue Johnson be **DISMISSED WITH PREJUDICE**.[1]

# BACKGROUND

Plaintiff sued Defendants alleging negligence, retaliation, racial

---

[1] It appears that the only reason Sue Johnson is still listed as a Defendant in this case is because she was never served. Thus, for the sake of clarity, the Court also disposes of the claims against Johnson.

discrimination and harassment. Defendants then filed a Motion to Dismiss for Plaintiff's Failure to State a Claim. ECF No. 32. All of Plaintiff's claims except Plaintiff's claim for racial discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") were dismissed by the Court. ECF No. 38. Before the Court is Defendant's Motion for Summary Judgment on Plaintiff's sole remaining Title VII claim for racial discrimination. The Magistrate Judge issued its FCR, and Plaintiff timely objected. The Court now reviews the matter *de novo*.

## LEGAL STANDARD

A Magistrate Judge's FCR regarding a dispositive matter is reviewed *de novo* if a party timely objects. FED. R. CIV. P. 72(b)(3). The district court may then accept, reject, or modify the recommendations or findings, in whole or in part. *Id.*

## ANALYSIS

### A. Review of Magistrate Judge's Recommendation

The Court adopts and accepts the reasoning in the Magistrate Judge's FCR regarding Plaintiff's complaint and reviews Plaintiff's three objections in the order they were raised.

### B. Plaintiff's Objections

#### 1. Failure to Consider Evidence of Discrimination

Plaintiff's first objection is to the Magistrate Judge's conclusion that Plaintiff "failed to produce any evidence" of discrimination. *See* ECF No. 62 at 4. Plaintiff points to Exhibits A-D as evidence that create a genuine dispute of material fact but provides zero explanation of how those exhibits demonstrate Plaintiff's termination was pretextual. Plaintiff did not even attach the exhibits to the motion. *See id.* Although the Court has no duty to sift the record to ascertain which exhibits Plaintiff may be referring to, the Court nonetheless has reviewed the unmarked exhibits attached to Plaintiff's Amended Complaint since that is the only evidence Plaintiff has provided. *See* ECF No. 9. After reviewing the unmarked exhibits, the Court agrees with the Magistrate Judge's finding that there is no evidence of discrimination. In fact, most of the evidence consists of text messages, emails, or complaints whose meaning

and context are hard to decipher. Accordingly, Plaintiff's first objection is **OVERRULED**.

### 2. Improper Weight Given to Plaintiff's Lack of Response

Plaintiff's second objection is that the Magistrate Judge gave improper weight to Plaintiff's lack of response to Defendant's Motion for Summary Judgment. ECF No. 62 at 4. However, there is no evidence that "improper weight" was given to the lack of response. Instead, the Magistrate Judge merely noted the fact that Plaintiff failed to file a response (ECF No. 61 at 1) and made his FCR subsequent to the response deadline, as is standard practice by the Court. Plaintiff's second objection is **OVERRULED**.

### 3. Dismissal of Claims Against Sue Johnson

Plaintiff's third objection is that the Magistrate Judge improperly recommended dismissal of claims against Sue Johnson with prejudice. Plaintiff contends that failure to complete service was not in Plaintiff's control and that evidence shows Sue Johnson treated Plaintiff disparately. *Id.* at 5.

Plaintiff's failure to complete service is irrelevant here because even if Sue Johnson had been properly served, she is still not a proper party in this suit. Indeed, the Court already adopted the Magistrate Judge's recommendation in his May 15, 2024 FCR to dismiss claims against her:

> Plaintiff cannot sue both the employer, Royal American, and the individual Defendants in their official capacities. *See Carbajal*, 2010 WL 11602721, at *2; *see Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003) ("Individuals are not liable under Title VII in either their individual or official capacities."); *Wallace v. B.B. Rayburn Corr. Ctr.*, No. No. 23-2991, 2024 WL 343152, at *3 (E.D. La. Jan. 30, 2024) ("The Fifth Circuit has repeatedly held that there is no individual liability for employees under Title VII and that individual defendants cannot be held liable in their individual or official capacities.")

ECF No 34. at 6. Accordingly, because Sue Johnson was not liable under Title VII in her individual or official capacity, she is not a proper party to the suit. Thus, Plaintiff's third objection is **OVERRULED**.

## CONCLUSION

After reviewing the FCR *de novo*, the Court concludes that Royal American's Motion is **GRANTED** and **OVERRULES** Plaintiff's Objections to the Magistrate Judge's FCR. ECF No. 62. Plaintiff's claims against Defendants are thus **DISMISSED WITH PREJUDICE**.

**SO ORDERED** on this **3rd day** of **October 2025.**

*[signature]*

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE